IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47084

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: September 18, 2019 |
| Petitioner-Respondent, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JOHN DOE (2019-14), | ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Theresa A. Martin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

John Doe (2019-14) appeals from the judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Doe is the father of a child who was born in July 2017. Doe is the child's biological father, but the child's mother was married to another individual when the child was born. Police removed the child from the hospital, placing her into foster care after it was determined that the child tested positive for methamphetamine at birth. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. At the time of the shelter care hearing, Doe had

not been established as the child's father. Due to his significant criminal history, Doe could not pass a background check to serve as the child's foster parent.

The Department initiated legal action to establish Doe as the child's father. After Doe was established as the child's father, the magistrate approved a case plan for Doe. Although the Department attempted to engage Doe in a voluntary case plan prior to his establishment as the child's father, Doe was given time to demonstrate compliance with the court-ordered case plan. Ultimately, the State filed a petition to terminate the parental rights of both parents. Following trial, the magistrate terminated Doe's rights after finding clear and convincing evidence that Doe neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

Doe challenges the magistrate's decision terminating Doe's parental rights, contending there was not substantial and competent evidence from which the magistrate could find that Doe

---

[1] The magistrate also terminated the mother's parental rights; that termination is the subject of a separate appeal.

neglected his child or that termination is in the child's best interests. The State responds that the evidence was sufficient and that the magistrate's termination decision was correct. We affirm the magistrate's decision.

## A.    Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate found, by clear and convincing evidence, that the statutory ground for termination was neglect. Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of his or her parents, or their neglect or refusal to provide them. Neglect also includes situations where the parent has failed to comply with the court's orders or the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Once Doe was established as the child's father, a case plan for Doe was developed. Doe's case plan required him to do the following: (1) complete a substance abuse assessment

approved by the Department and follow any and all recommendations; (2) attend all visits with the child; (3) participate in family group decision-making meetings; (4) obtain and maintain legitimate employment; and (5) establish appropriate drug-free housing for himself and the child. The magistrate found that, overall, Doe failed to comply with his court-ordered case plan. The magistrate made the following findings in support of this conclusion.

Despite being referred for a substance abuse assessment, Doe failed to set up an appointment for one before being arrested for unlawful possession of a firearm. Doe remained in custody on this charge throughout the remainder of the child protection proceeding. Ultimately, he pled guilty and was sentenced to a unified five-year term, with a minimum period of confinement of one year. Because he remained incarcerated throughout the remainder of the child protection case, he was unable to complete the assessment. Although Doe asserted that substance abuse was not a concern, pointing to negative urinalysis results provided to his probation officers, the district court concluded Doe was not being truthful and that substance abuse was a continuing issue for him.

For a year prior to the entry of his case plan, Doe had the opportunity to engage in unlimited supervised visits with the child. Doe rarely took advantage of such visitation, although those visits Doe did have with the child were positive. Once under a court-ordered case plan, Doe began consistently visiting the child. Doe came prepared to these visits with a diaper bag and engaged with the child in a kind and nurturing manner. Although he was able to visit the child while incarcerated at the Ada County Jail through telemate, Doe had no visitation with the child once Doe began serving his prison sentence.

Doe reported that he was employed full-time as a tile installer during the child protection case. Although a family member confirmed Doe worked for the family business in that capacity, Doe never provided proof of this employment to the Department. Since his incarceration, Doe was unable to maintain any employment.

Prior to formally joining the child protection proceeding, Doe declined to share his living situation with the Department. During trial, Doe admitted that he lacked stable housing since the child was born until Doe's incarceration for unlawful possession of a firearm. One of Doe's family members testified that Doe has struggled to maintain stable housing for years.

4

Doe asserts that the magistrate erred in finding that Doe failed to comply with his case plan by disregarding testimony indicating he had made progress on his case plan. Specifically, Doe argues that he was free of illegal substances; he had completed a substance abuse assessment that did not recommend treatment; he has a home for the child with immediate family members; Doe was working for a year prior to his incarceration; and he visited the child as Doe's schedule allowed, including attending all visits scheduled by the Department.

Doe does not dispute that the child had been in the Department's custody for approximately twenty-one months at the time of the termination trial, which is beyond the statutory goal of achieving reunification within fifteen months. The magistrate also found that Doe was directly responsible for his failure to comply with his case plan. When Doe was out of custody, he failed to comply with his case plan, despite possessing the ability to do so. The district court determined that it was Doe's decisions that led to his incarceration which subsequently prevented him from complying with his case plan. Although Doe demonstrated some aptitude for parenting when he visited the child, which the district court recognized, Doe admitted to an immediate family member that Doe intended to have the child's mother ultimately raise the child. In sum, there was substantial competent evidence to support the magistrate's finding of neglect, and Doe has failed to show error in this finding.[2]

B. **Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding

---

[2] Because this Court affirms the finding that Doe failed to comply with his case plan, it is unnecessary to consider the other basis found by the magistrate--specifically, that Doe neglected the child under I.C. § 16-1602(31)(a).

that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate concluded that the child deserved to be raised by adult caregivers who are present, sober, consistent, nurturing, and committed to meeting her daily physical and emotional needs. Doe's conduct during the child protection case did not demonstrate that he would be an appropriate caregiver. During the child protection case, not only was Doe convicted of unlawful possession of a firearm, but he committed other crimes as well, resulting in a lengthy prison term. Although Doe demonstrated some natural parenting ability when visiting the child, which the magistrate acknowledged, Doe never showed a willingness or ability to engage in the hard work of daily parenting. Moreover, the magistrate further concluded that whatever connection or bond the child has with Doe pales in comparison to the child's connection to her foster family--the only family the child has ever known. In sum, Doe has not shown error in the magistrate's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

There was clear and convincing evidence that Doe neglected the child and that terminating Doe's parental rights is in the child's best interests. Accordingly, the magistrate's judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.